TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00452-CR


NO. 03-07-00457-CR






Melvin Dean Marshall, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NOS. 32521 & 32522, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Melvin Dean Marshall seeks to appeal judgments of conviction for securities fraud
and theft. We dismiss the appeals for want of jurisdiction.

The indictment in cause number 32521 (our cause number 03-07-00452-CR) accused
Marshall of engaging in fraud in the offer and sale of securities in an amount exceeding $100,000. 
See Tex. Rev. Civ. Stats. Ann. art. 581-29 (West Supp. 2007). The indictment in cause number
32522 (our cause number 03-07-00457-CR) accused Marshall of unlawfully appropriating more than
$200,000. See Tex. Penal Code Ann. § 31.03 (West Supp. 2007). The two indictments were jointly
tried in November 2006. On November 16, having found Marshall guilty of both offenses, the jury
returned verdicts assessing punishment in cause number 32521 (securities fraud) at ten years'
imprisonment and a $10,000 fine, with a recommendation that the prison term be probated, and at
eleven years' imprisonment and a $10,000 fine in cause number 32522 (theft).

The trial court orally suspended (in cause number 32521) and imposed (in cause
number 32522) sentence in open court on November 16, 2006, in accordance with the jury's verdicts. 
However, the court's written judgments, which were also signed and filed on November 16,
did not conform to the jury's verdicts or to the court's oral pronouncements. In cause number
32521, the written judgment recited that the punishment was eleven years' imprisonment (not the
ten years assessed by the jury) and a $10,000 fine. The judgment recited that the "sentence
of confinement [is] suspended," but it elsewhere ordered Marshall's imprisonment (the jury had
recommended probation). In cause number 32522, the written judgment imposed a sentence of ten
years' imprisonment (not the eleven years assessed by the jury) and a $10,000 fine. Like the other
judgment, it recited that the "sentence of confinement [is] suspended," but ordered Marshall's
imprisonment.

On November 22, 2006, the State filed a motion for judgment nunc pro tunc in cause
number 32521, complaining that the written judgment did not state the offense for which Marshall
was convicted. On November 27, the district court granted the State's motion and signed a judgment
nunc pro tunc in cause number 32521 reciting that Marshall had been convicted of securities fraud. 
Like the original written judgment, the judgment nunc pro tunc in cause number 32521 did not
conform to the jury's verdict and imposed a sentence of eleven years' imprisonment.

On December 18, 2006, Marshall filed timely motions for new trial in both causes.
See Tex. R. App. P. 4.1(a), 21.4(a). The motions, which were identical, complained that Marshall
had been absent for part of the trial and that the punishments had been decided by lot. The
motions for new trial were overruled by operation of law effective January 30, 2007. See Tex. R.
App. P. 21.8(c).

On May 11, 2007, the district court held a brief "restitution hearing." The court stated
that the purpose of the hearing was "to memorialize on the record the agreement about restitution." 
Marshall was sworn and testified that he concurred in a written agreement between his attorney
and the prosecutor showing that he owed five named individuals a total of $382,477.49 in
restitution. (1) Following the hearing and on the same day, the court signed an "amended judgment of
conviction" in each cause reciting that it "is reformed after restitution hearing and to correct certain
clerical errors, and is signed and entered within the Court's 180 day period of plenary power." (2) In
conformity to the jury verdict, the "amended judgment" in cause number 32521 (securities fraud)
reflects a punishment of ten years' imprisonment and a $10,000 fine, suspends imposition of
sentence, and places Marshall on community supervision. (3) The judgment also contains an order that
Marshall pay $382,477.49 in restitution. The "amended judgment" in cause number 32522 (theft)
also conforms to the jury verdict, imposing a sentence of eleven years' imprisonment and a $10,000
fine; there is no restitution order.

Marshall filed notices of appeal in both causes on August 3, 2007. Both notices
express Marshall's desire to appeal "from the judgment of conviction and sentence herein
rendered." (4)

The time limit for perfecting an appeal from a judgment of conviction begins to
run on the day sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a); see Rodarte
v. State, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993) (written judgment of conviction is not
"appealable order" within meaning of rule; the defendant does not have option of calculating
time limit from day written judgment is signed and entered by trial court) (construing predecessor
rule). In these causes, sentence was imposed and suspended in open court on November 16, 2006. 
Because there were timely motions for new trial, appellant had ninety days from November 16 or
to February 14, 2007, to perfect an appeal. Tex. R. App. P. 26.2(a)(2). Marshall's notices of appeal
were filed almost six months after that deadline.

Marshall argues, however, that the time for perfecting appeal did not begin to run on
November 16, 2006. Citing Bailey v. State, 160 S.W.3d 11 (Tex. Crim. App. 2004), Marshall urges
that sentencing in these causes was not completed until May 11, 2007, the day of the restitution
hearing. Marshall contends that his notices of appeal were timely because they were filed less than
ninety days after May 11. See Tex. R. App. P. 21.4(a) (motion for new trial may be filed before date
sentence imposed or suspended); Cortez v. State, 735 S.W.2d 294, 301 (Tex. App.--Dallas 1987,
no pet.) (motion for new trial filed after verdict of guilt but before determination of punishment and
imposition of sentence was timely).

In Bailey, the defendant pleaded guilty on February 12, whereupon the trial court
adjudged him guilty of the charged offense, assessed punishment at five years' imprisonment,
suspended imposition of sentence, and ordered general conditions of probation. 160 S.W.3d at 12. 
The court then reset the case for a hearing on March 12 to consider the State's request for restitution
as a further condition of probation. Id. The record reflected that in pleading guilty, the defendant
had reserved the right to appeal any restitution order. Id. After hearing evidence at the March 12
hearing, the court ordered the defendant to pay restitution in the amount of $49,000. Id. The
defendant filed his notice of appeal on April 4. Id. The court of appeals dismissed the appeal
because the notice of appeal had been filed more than thirty days after sentence was suspended in
open court. Id. at 13. The court of criminal appeals concluded, however, that "[i]n the unique
facts of this case, the parties considered the sentencing to be incomplete until the amount of
restitution, if any, was set." Id. at 16. Thus, for the purposes of rule 26.2(a), sentence had not been
suspended in open court until the last condition of probation was decided and the notice of appeal
was timely. Id. (5)

The record in the instant causes does not reflect any agreement between the parties
to consider sentencing to be incomplete pending resolution of the restitution issue. Although
Marshall testified, at the punishment stage, that he intended to make restitution, there was no
mention of restitution by the court when it suspended (in cause number 32521) and imposed (in
cause number 32522) sentence in open court on November 16, 2006. Moreover, the trial court did
not indicate in any manner that the question of restitution had been left open for determination at a
later date. To the contrary, the court announced, "This concludes the trial."

We note that the original written judgment in cause number 32522 (theft) contained
a notation that restitution was "to be determined." While this is some indication that the parties
considered restitution to be an open issue, it does not reflect an understanding between the parties
and the trial court that the sentencing process was incomplete. In any event, the trial court did
not order restitution in cause number 32522. The restitution order was added to the "amended
judgment" in cause number 32521 (securities fraud). The original written judgment in cause number
32521 stated that restitution was "n/a."

We conclude that the causes now before us do not contain the "unique facts" found
in Bailey. See id. Imposition of sentence was complete in these causes on November 16, 2006, and
Marshall's notices of appeal filed on August 3, 2007, were too late to perfect appeals from his
convictions for securities fraud and theft. Alternatively, if the district court's May 11 decision to
"amend" the judgments was an independently appealable order separate from the judgments of
conviction, a matter we do not decide, Marshall did not file his notice of appeal within thirty
days after the order was entered. (6) Under the circumstances, we lack jurisdiction to dispose of the
purported appeals in any manner other than by dismissing them for want of jurisdiction. See Slaton
v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522-23
(Tex. Crim. App. 1996).

The appeals are dismissed.


 

 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: May 9, 2008

Do Not Publish
1. Three of these individuals were named complainants in both indictments. The other two
individuals were named complainants in the theft indictment only.
2. We infer that the district court was referring to the 180-period during which a trial court
may suspend further execution of a prison sentence previously imposed. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 6(a) (West Supp. 2007) ("shock probation"). Marshall was eligible for probation
only in cause number 32521, and his sentence in that cause had already been suspended by the court
on November 16, 2006.
3. Insofar as the record reflects, the conditions of probation have not been determined.
4. In cause number 03-07-00452-CR, the securities fraud case, Marshall's appointed counsel
on appeal has filed a brief stating that the appeal is frivolous. See Anders v. California, 386 U.S. 738
(1967). In cause number 03-07-00457-CR, the theft case, counsel contends that the evidence is
legally and factually insufficient to sustain the guilty verdict.
5. The court of criminal appeals was careful to point out that the case did not involve a
modification of the conditions of Bailey's probation. See Bailey v. State, 160 S.W.3d 11, 14 & 16
n.4 (Tex. Crim. App. 2004). Orders modifying the terms and conditions of probation are not
appealable. Basaldua v. State, 558 S.W.2d 2, 6 (Tex. Crim. App. 1977).
6. Moreover, Marshall brings forward no issue challenging the court's decision to enter the
"amended judgments."